**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

JOHN DERRIG,

    Plaintiff,

v.                              Case No:  Case No:  2:12-cv-464-FtM-99SPC

THE CITY OF MARCO ISLAND,
FLORIDA, a Florida Municipal
Corporation, and THOMAS CARR,
individually,

    Defendants.
_____/

## **ORDER**

This matter comes before the Court on Defendant Thomas Carr's Motion to Dismiss Plaintiff John Derrig's Second Amended Complaint (Doc. #32) filed on April 23, 2013, and on the Defendant, the City of Marco Island, Florida's ("the City's") Motion to Dismiss Plaintiff John Derrig's Second Amended Complaint (Doc. #33) filed on April 23, 2013.  The Plaintiff filed his Response in Opposition to the Motion to Dismiss Plaintiff John Derrig's Second Amended Complaint (Doc. #37) on May 24, 2013 and his Response in Opposition to the Motion to Dismiss the Plaintiff John Derrig's Second Amended Complaint (Doc. #38) on May 24, 2013.  The Motions are now fully briefed and ripe for the Court's review.

Plaintiff John Derrig is a former Marco Island Police Officer and brought this suit against the City of Marco Island and its Chief of Police, Thomas Carr, based on the circumstances surrounding his termination.  Specifically, Plaintiff alleges that he

observed his supervising sergeant tamper with evidence, prompting Plaintiff to draft a memorandum detailing his observations which he sent to his lieutenant, captain, and Chief Carr.  Plaintiff was terminated shortly after he sent the memorandum to his superiors, and Plaintiff believes he was fired as a result of speaking out about his sergeant's misconduct in the memorandum.[1]

The First Amended Complaint was dismissed by the Court in a March 12, 2013 Order (Doc. #26).  That Complaint alleged two counts against Defendant Carr, one for Retaliation under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and the other for Tortious Interference with a Business Relationship, under Florida law.  Defendant Carr and Defendant Marco Island both filed motions to dismiss (Doc. #12 and #13).  The Court found that both counts were insufficiently pled as to both defendants, and dismissed the First Amended Complaint without prejudice.  (Doc. #26 at 2–3).

The Second Amended Complaint was filed on April 2, 2013 (Doc. #29).  The only modifications to the First Amended Complaint that appear in the Second Amended Complaint are found in Paragraphs 10, 11, and 27.  Defendant contends that these amendments have not cured the defects in the First Amended Complaint, and merely add conclusory allegations.  (See Doc. #32 at 8).  In his Response, Plaintiff asserts that the Second Amended Complaint sufficiently states claims entitled to relief.  (Doc. #38).

In deciding a motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiffs.  Christopher v. Harbury, 536 U.S. 403, 406, 122 S. Ct. 2179, 153 L. Ed. 2d 413 (2002).  However, dismissal for failure to state a claim upon which relief may be granted does not require

---

[1] Plaintiff does not have a copy of the memorandum for the Court, and the Court has not reviewed its contents.

appearance, beyond a doubt. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 561–563, S. Ct. 127 S. Ct. 1955, 167 L. Ed 2d 929 (2007) (abrogating Conley v. Gibson, 355 U.S. 41, 45–46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement" to relief requires more than labels, conclusions, and a formulaic recitation of the cause of action's elements. Twombly, 550 U.S. 544, 561–563.

To satisfy the pleading requirements of Fed. R. Civ. P. 8, a complaint must simply give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests. Id. at 555; Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002). Although the pleading standard announced in Fed R. Civ. P. 8 does not require "detailed factual allegations," it does demand more than an unadorned, "the-defendant-unlawfully-harmed-me accusation." Sinaltrainal v. Coca-Cola Co., 578 F. 3d 1252, 1268 (11th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 677, 129 S. Ct. 1937, 1949, 173 L. Ed 2d 868 (2009)). Furthermore, unwarranted deductions of fact in a complaint are not admitted as true for the purpose of testing the sufficiency of the allegations. Sinaltrainal, 578 F. 3d at 1268 (citing Aldana v. Del Monte Fresh Produce, N.A., Inc., 416 F. 3d 1242, 1248 (11th Cir. 2005)). The facts as pled must state a claim for relief that is plausible on its face. Sinaltrainal, 578 F. 3d at 1268 (citing Iqbal, 129 S. Ct. at 1950).

The Court will now consider each count against Defendant Carr in his individual capacity based on the foregoing standards.

## Count I: Retaliation

### A. Thomas Carr

The Supreme Court has made clear that "a suit against a state official in his or her official capacity is not a suit against the official but rather against the official's office." Will v. Mich. Dept. of State Police, 491 U.S. 58, 71, 109 S.Ct. 2304, 2312 (1989).

Defendant Carr contends that Plaintiff did not state a cause of action against Carr in his individual capacity as to Count I because Plaintiff failed to establish that Carr acted beyond his capacity as chief of police. (Doc. #32 at 6–7). Defendant Carr points to Paragraph 8 of the Second Amended Complaint, which states: "At all times pertinent, Carr acted under the color of state law in his official capacity as Chief of Police." (Doc. #29 ¶ 8). Plaintiff asserts "[t]he problem with Defendant's argument is that Plaintiff clearly sued Defendant in his individual capacity, and not in his official capacity. For this reason, Defendant's arguments that Defendant cannot be sued in his official capacity do not apply." (Doc. #38 at 5).

In the Second Amended Complaint, Plaintiff's allegation in Paragraph 8 makes it abundantly clear that Carr's actions were "[a]t all times pertinent . . . under the color of state law in his official capacity as Chief of Police." (Doc. #29 ¶ 8). Accordingly, on its face, Count I fails to state a cause of action against Carr in his individual capacity, and is therefore dismissed.[2] See Will, 491 U.S. at 71, 109 S. Ct. 2312.

---

[2] The Court further notes that the practice of "group" pleading—in which multiple parties are lumped together under a single count—is generally problematic under Fed. R. Civ. P. 10(b). See Veltmann v. Walpole Pharmacy, Inc., 928 F. Supp. 1161, 1164 (M.D. Fla. 1996) (finding pleading insufficient where complaint made it impossible to determine which defendant committed which alleged act). However, because the Second Amended Complaint explicitly states that Carr acted in his official capacity "at all times pertinent," (Doc. #29 ¶ 8), the Court need not reach the clarity issue under Rule 10.

4

Plaintiff's arguments to the contrary are unpersuasive.  That a Defendant's name appears in the case caption, (see Doc. #38 at 7), is not dispositive that any particular count is properly alleged against a Defendant.[3]  See Blanchard v. Terry & Wright, Inc., 331 F. 2d 467, 469 (6th Cir. 1964) ("[T]he caption is not regarded as containing any part of plaintiff's claim.  We must look to the allegations of the complaint in order to determine the nature of plaintiff's cause of action.").  Further, Plaintiff points to the language in the Second Amended Complaint that states "Carr's actions caused damages" and were "'taken in reckless indifference to Derrig's federally protected rights.'"  (Doc. #38 at 7).  Yet, these allegations do not sufficiently separate Carr's individual capacity from his official capacity—a capacity that Plaintiff alleges Carr acted within "[a]t all times pertinent."  (Doc #29 ¶ 8).  Finally, that "Plaintiff seeks damages against [Carr] personally," (Doc. #38 at 7), does not affect the sufficiency of the factual matter pled as a basis to those damages. Nor is the fact that Count II is against Carr, personally, (Doc. # 38 at 7), relevant to the consideration of Count I.

Even if Carr were properly named a defendant in his individual capacity under Count I, the claim would still be dismissed because the amended language does not cure the defect from the First Amended Complaint.

Because Plaintiff failed to properly state a claim against Carr individually and separately from his official capacity, Count I must be dismissed as to Carr.

---

[3] Indeed, Defendant Marco Island is also named in the caption, yet the Second Amended Complaint is clear that Count II is not applicable to the city.  Thus, that Carr is listed in the caption is no more than an acknowledgment that at least one of the counts in the Complaint is alleged against Carr, individually.

5

## B. The City of Marco Island

In order to properly state a claim against a government employer for retaliation against constitutionally protected speech, the Plaintiff-employee must allege that he or she "spoke as a citizen on a matter of public concern." Garcetti v. Ceballos, 547 U.S. 410, 418, 126 S. Ct. 1951, 1958 (2004). Because Plaintiff failed to establish this element in the First Amended Complaint, (see Doc. #26), the Court will now consider Plaintiff's amendments in the Second Amended Complaint.

According to the Order dismissing the First Amended Complaint, the "factually unsupported and formulaic legal conclusions" contained therein were that Plaintiff wrote the memorandum as "a private citizen on his own time" and that the memorandum was "outside of his official duties." (Doc. #26 at 2). In his Second Amended Complaint, Plaintiff added the following language to Paragraph 10: "[Plaintiff] spoke as a private citizen because he was at home and off the clock, and also because [Plaintiff] made the Statement outside of his official duties . . . ." (Doc. #29 ¶ 10). Further, Plaintiff elaborated upon the scope of "official duties" in Paragraph 11: "[Plaintiff's] official duties do not include the supervision of his Sergeant, responsibility for MIPD internal affairs, the authority to discipline his Sergeant, or any further action with respect to his Sergeant's misconduct." (Doc. #29 ¶ 11).

In Carter v. Incorporated Village of Ocean Beach, the Second Circuit held that police officers who reported the misconduct of their supervisors up the chain of command did not engage in constitutionally protected speech under Garcetti. 415 Fed. App'x 290, 293 (2d Cir. 2011). The Court noted that the alleged misconduct was known to Plaintiffs "only by virtue of their jobs as police officers," id., and found that because

6

the awareness of the misconduct arose on the job, the police officers' reporting was pursuant to employment responsibilities and not as citizens on a matter of public concern under Garcetti. Id; Garcetti, 547 U.S. at 421, 126 S. Ct. at 1960. Indeed, Garcetti definitively stated that "[w]hen a public employee speaks pursuant to employment responsibilities . . . there is no relevant analogue to speech by citizens who are not employees." 547 U.S. at 424, 126 S. Ct. at 1961.

Plaintiff contends that it is outside the scope of his official duties to report the misconduct of supervisors. (Doc. #29 ¶ 11); (Doc. #37 at 8). Aside from the fact that, as a police officer, Plaintiff had the ability to *arrest* his sergeant for tampering with evidence, if he believed he had probable cause to do so, courts have found police officers to have a general duty to report the misconduct of superiors as part and parcel of their employment. See Hunt v. City of Portland, 726 F. Supp. 2d 1244, 1274 (D. Or. 2010) ("[G]enerally, a police officer is officially obligated to report unlawful conduct and misconduct to their supervisors . . . ."); Carter, 415 Fed. App'x at 293.

The speech at the crux of Plaintiff's retaliation claim is the memorandum he sent to his superiors. Based on the facts pled in the Second Amended Complaint, there is no reason to believe that the alleged memorandum was anything other than an employee's complaint to his supervisors up the chain of command. Simply because the Plaintiff drafted the memorandum "at home and off the clock," (Doc. #29 ¶ 10), does not change the fact that Plaintiff was writing pursuant to his duties as a police officer. See Hunt, 726 F. Supp. 2d at 1274. Accordingly, the additional language in the Second Amended Complaint does not salvage the Retaliation Claim against the City of Marco Island, and is therefore subject to dismissal.

**Count II:  Tortious Interference with a Business Relationship**

In order to state a claim for tortious interference with a business relationship under Florida law, a Plaintiff must establish:  "(1) the existence of a business relationship under which the claimant has rights; (2) the defendant's knowledge of the relationship; (3) an intentional and unjustified interference with the relationship; (4) by a third party; and (5) damage to the claimant caused by the interference."  Rudnick v. Sears, Roebuck & Co., 358 F. Supp. 2d 1201, 1205 (S.D. Fla. 2005).

Generally, a supervisor cannot be held liable for terminating an employee because he is considered a party to the employment relationship, and only third parties can be held liable for interference with an employment relationship.  Alexis v. Ventura, 66 So. 3d 986, 988 (Fla. 3d DCA 2011).  An exception exists when a terminating supervisor acts outside the scope of his employment "solely with ulterior purposes" or not in the principal employer's best interest.  Id.; O.E. Smith's Sons, Inc. v. George, 545 So. 2d 526, 528 (Fla. 1st DCA 1989).  The Alexis court explained that "an allegation that the defendant was not acting on the employer's behalf or was acting to its detriment satisfies the 'third party' requirement."  66 So. 3d at 988.

The Second Amended Complaint contains a modification in Paragraph 27 that Defendant Carr asserts does not cure the defect from the First Amended Complaint. (See Doc. #32 at 8).  Count II in the First Amended Complaint was dismissed because Plaintiff had failed to allege anything beyond "formulaic legal conclusions." (Doc. #26 at 3).  Further, the Court stated "malicious motivation alone is insufficient to hold the terminating employee liable." (Doc. #26 at 3 (citing Alexis, 66 So. 3d at 988)).

In the Second Amended Complaint, Paragraph 27 states:

> In causing the termination of Derrig's employment with Marco Island, Carr acted soley with an ulterior purpose, and against Marco Island's best interests and to Marco Island's detriment. Specifically, Carr acted soley with an ulterior purpose because Carr had a personal vendetta against Derrig, because Carr wanted to silence Derrig from speaking about police misconduct at MIPD, and because Carr wanted to punish Derrig for speaking out against his Sergeant for committing police misconduct. Carr's actions were against Marco Island's best interests and to Marco Island's detriment because, by terminating Derrig, Carr caused MIPD to lose the services of a high-functioning, vigilant, and successful police officer. Moreover, by terminating Derrig, Carr discouraged other police officers at MIPD from speaking about police misconduct.

(Doc. #29 ¶ 27).

The amended language begins with the word "Specifically." By itself, the added language regarding Carr's "personal vendetta against Derrig" is not enough to meet the exception to the third party rule because "an allegation that defendant was maliciously motivated does not by itself mean that defendant acted outside the scope of his employment." Alexis, 66 So. 3d at 988 (quoting Sloan v. Sax, 505 So. 2d 526, 528 (Fla. 3d DCA 1987)). Furthermore, Plaintiff's amended and elaborated-upon assertions regarding Marco Island's best interests, even taken as true, do not go beyond the conclusory allegations in the First Amended Complaint. (see Doc. #26 at 3). Instead the Plaintiff asserts that the City of Marco Island will suffer harm because he no longer works there. Thus, the Plaintiff failed to allege enough factual matter to meet the exception under Alexis and survive dismissal under Fed. R. Civ. P. 12(b)(6).

## Conclusion

Based upon the allegations in the Plaintiff's Complaint, the Plaintiff has not sufficiently pled either Count I or Count II. Therefore, under Fed. R. Civ. P. 12(b)(6), the Plaintiff's Complaint is due to be dismissed. Because the Plaintiff has now filed two

Amended Complaints without being able to establish a claim, the Complaint is due to be dismissed with prejudice.

Accordingly, it is now

**ORDERED:**

(1) The Defendant, Thomas Carr's Motion to Dismiss Second Amended Complaint (Doc. #32) is **GRANTED.**

(2) The Defendant, the City of Marco Island, Florida's ("the City's") Motion to Dismiss Plaintiff John Derrig's Second Amended Complaint (Doc. #33) is **GRANTED**.

(3) The Complaint is hereby **DISMISSED** with prejudice.

(4) The Clerk of the Court shall enter **JUDGMENT** in favor of the Defendants Thomas Carr and The City of Marco Island

(5) The Clerk of the Court is further directed to **CLOSE** the case and **TEMINATE** any pending motions.

**DONE** and **ORDERED** in Fort Myers, Florida this 17th day of June, 2013.

*SHERI POLSTER CHAPPELL*
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

10